# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOB DALE COMEAUX, II | CIVIL ACTION |
| VERSUS | NO: 18-6205 |
| DYNAMIC ENVIRONMENTAL SERVICES, LLC; MASTER VAC INDUSTRIAL SERVICES, LLC & NUCOR STEEL LOUISIANA, LLC | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is **GRANTED,** and this matter is **REMANDED** to the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Bob Dale Comeaux, II, who argues that this court lacks diversity subject matter jurisdiction because he and two of the defendants are all citizens of Louisiana. Defendant, Nucor Steel Louisiana, L.L.C., ("Nucor"), opposes the motion, arguing that the Louisiana defendants are improperly joined to defeat diversity jurisdiction.

The petition alleges that plaintiff, a truck driver, was the direct employee of Dynamic Environmental Services, L.L.C. ("Dynamic"), and on May 15, 2017, the date of his injury, had been instructed by Dynamic to report to the Nucor facility. This was the sixth occasion since November 2, 2016 that plaintiff had been directed to drive at Nucor, where plaintiff was registered as a visitor employed by Dynamic. At Nucor, plaintiff reported to an employee of Master Vac Industrial Services, L.L.C. ("Master Vac"), who gave him directions to the work site, at which point a Nucor employee directed him on where and how to transport and dump the

product he was hauling. At plaintiff's insistence, Master Vac provided some limited (and plaintiff alleges insufficient) safety equipment (a dust mask and allegedly non-working hydrogen sulfide monitor). While unloading his second load, plaintiff alleges he was engulfed in a dust cloud that caused him to experience trouble breathing, red and burning skin, a red and swollen face, and swollen eyes. He returned to the Master Vac trailer and reported the incident, and also called his Dynamic dispatcher to report it. He filed suit in state court against Nucor (a citizen of Delaware and North Carolina), and Dynamic and Master Vac (Louisiana citizens).

## ANALYSIS

**I.  Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Because federal courts are courts of limited jurisdiction, that removal statutes are strictly construed. See id. Doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. Id.

**II.  Diversity Subject Matter Jurisdiction under § 1332(a)**

Nucor removed this action, alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original

jurisdiction over civil actions where the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, and are between citizens of different states. Nucor contends that is the only properly joined defendant, because the non-diverse defendants, Dynamic and Master Vac, were improperly joined solely to defeat diversity subject matter jurisdiction.

**A. Improper Joinder**

Nucor argues that Dynamic and Master are improperly joined, because plaintiff cannot maintain claims against them under Louisiana law.

Improper joinder may be established by two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the allegedly improperly joined parties in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The United States Court of Appeals for the Fifth Circuit has stated:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
> . . . .
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

Id. (citations omitted).

---

[1] Plaintiff alleges in his petition that his damages exceed $50,000 exclusive of interest and costs, but it is facially apparent from plaintiff's petition that the amount in controversy is greater than $75,000.00.

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). When reviewing an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995) (quoting B., Inc., 663 F.2d at 549). Further, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. Id.

### B. Comeaux's Cause of Action Against Dynamic and Master Vac

Because Nucor does not claim that plaintiff committed actual fraud in the pleadings, the sole issue for determining whether Dynamic and Master Vac were improperly joined is whether plaintiff would be able to establish causes of action against them in Louisiana state court. See Smallwood, 385 F.3d at 573. Nucor argues that plaintiff cannot do so because the Louisiana Workers' Compensation statute ("LWCA")[2] provides the exclusive basis for recovery against Dynamic and Master Vac, and thus they are immune from suit. Moreover, Nucor contends that the intentional tort exception to the application of the LWCA is inapplicable in this case.

With respect to Master Vac, Nucor contends that plaintiff was either its statutory or borrowed employee, and thus plaintiff's exclusive remedy against it is through the LWCA. The court considers each theory in turn.

#### 1. *Statutory employer inquiry - Master Vac*

The LWCA provides that "[a] statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a

---

[2] La. R.S. § 23:1031 et. seq.

4

contract between the principal and any person or entity other than the employee's immediate employer." La. Stat. Ann. § 23:1061(A)(2). That provision forms the basis of the "two contract theory" for finding a principal to be a statutory employer in the absence of a written contract recognizing the principal as the statutory employer. To establish a two-contract statutory defense to tort liability, the defendant must show that "(1) the principal enter[ed] into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enter[ed] into a subcontract for all or part of the work performed." Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth., 842 So. 2d 373, 379 (La. 2003).

 Nucor argues that this defense is available to Master Vac because Master Vac, the principal, entered into a contract with a third party, Nucor; pursuant to that contract, Master Vac was required to perform work; and to fulfill that obligation, Master Vac subcontracted with Dynamic for all or part of the work. The problem with this argument, however, is there is nothing in the slim record to shed light on the nature of the parties' relationship, or the object of either contract. While the notice of removal recites that "as pled in the Petition, [Nucor] contracted with Master Vac to provide certain work at the Convent Facility – namely "back services" involving loading their trucks...." (Rec. Doc. 1, ¶ 50), a careful review of the petition reveals no such allegation. Plaintiff's sole allegation regarding the relationship of the defendants was that Dynamic was a "sister company" of Master Vac. Petition, ¶ 7.

 The record reflects that plaintiff had worked as a truck driver at the Master Vac facility on five occasions between November 2, 2016 and May 15, 2017 (the date of injury), and that he was classified as a "Visitor" to the site working for Dynamic. Rec. Doc. 15, Exhs. 1 & 2. No
5

contract between Master Vac and Nucor or Master Vac and Dynamic was submitted with the notice of removal or opposition to remand. It is entirely possible that plaintiff's driving on those days was an accommodation by Dynamic for its sister company, Master Vac, and not pursuant to a contract at all. It is impossible to make an inference either way, however, in the absence of any information on what services Master Vac contracted to provide Nucor, and what services (if any) were subcontracted to Dynamic. In sum, the pleadings and record at this stage simply do not provide enough information regarding any relevant contract for the court to conclude that the two-contract defense is applicable.

    2. ***Borrowed employee inquiry - Master Vac***

In Ruiz v. Shell Oil Co., 413 F.2d 310, 312–13 (5th Cir.1969), the United States Court of Appeals for the Fifth Circuit outlined nine factors to be used to determine whether the borrowed employee doctrine applies. These factors are: (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details of cooperation? (2) Whose work is being performed? (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer? (4) Did the employee acquiesce in the new work situation? (5) Did the original employer terminate his relationship with the employee? (6) Who furnished the tools and the place of performance? (7) Was the new employment over a considerable length of time? (8) Who had the right to discharge the employee? (9) Who had the obligation to pay the employee? Although no single factor, or combination of factors, is determinative, the factor of control is generally considered central. See also Brown v. Union Oil Co., 984 F.2d 674, 676 (5th Cir.1993) (listing factors).

Applying the factors to the case at hand, it appears that Nucor controlled the details of the work plaintiff performed. Dynamic dispatched him to the site, and Master Vac provided directions and orientation to the site, but the work itself was overseen by Nucor. Petition, ¶¶ 14-18. As to whose work was being performed, it is unclear whether it was for Master Vac or Nucor, but Nucor's supervision of plaintiff suggests the latter. Since Dynamic directed plaintiff to report to Master Vac upon arrival at the Nucor site, it is possible there was some agreement between them, but it is equally possible that Nucor requested that Dynamic send plaintiff to the Master Vac trailer to receive directions. It appears that plaintiff did not acquiesce in a new work situation, because from his perspective there would have been no new work situation. As a driver for Dynamic, he went wherever Dynamic sent him; on the date in question, it was the Nucor facility. Additionally, the Gate Entry Agreement signed by plaintiff classifies him as a Visitor working for Dynamic, further suggesting that he did not acquiesce to be employed by Master Vac.

With respect to whether Dynamic terminated its relationship with plaintiff, Nucor suggests that Dynamic "effectively terminated" its relationship with plaintiff once he reported to the Nucor facility, because Master Vac controlled when plaintiff could leave the facility. However, the allegations of the petition reflect that plaintiff called Dynamic for permission to leave, and Dynamic responded that he should stay because Master Vac wanted him to. Thus, it would appear that although Dynamic deferred to Master Vac's request, vis-a-vis plaintiff, Dynamic was the ultimate decision-maker. As for who provided the tools and place of performance, while not specifically alleged, as dispatcher, it is assumed (and Nucor appears to acknowledge) that Dynamic provided the truck plaintiff drove. Plaintiff brought a respirator

mask to the site, and it is unclear if it was his own, or if it was provided to him by Dynamic. He requested cartridges for it from Master Vac, which they could not provide, suggesting he cover his face with a rag. When he refused to do so, or to work without any protection, Master Vac provided a disposable dust mask and a hydrogen sulfide monitor. The place of performance was provided by Nucor.

The "new" employment – driving at the Nucor site – lasted only one day, and it was the sixth occasion upon which plaintiff had driven there in approximately six months. As for who had the right to discharge the employee, on the date in question, plaintiff was asked to stay until Master Vac let him go, but terminating his actual employment would have been the province of Dynamic, his direct employer. Finally, Nucor acknowledges that Dynamic had the obligation to pay the plaintiff.

The foregoing analysis does not support the conclusion that plaintiff was the borrowed employee of Master Vac. Accordingly, Nucor has not demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, and thus cannot meet the heavy burden of showing that Master Vac was fraudulently joined. Moreover, because the court finds that diversity jurisdiction is defeated by virtue of Master Vac's citizenship, it pretermits the question whether Dynamic was fraudulently joined.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is

**GRANTED,** and this matter is **REMANDED** to the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana.

New Orleans, Louisiana, this  5th  day of October, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**